UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC OHLMS, WILLIAM KARRAS, and JOSHUA FOX,　　Plaintiffs,<br><br>vs.<br><br>CITY OF FOLEY,　　Defendant. | Case No.:　　4:16-CV-00213 RLW |

**PLAINTIFFS' TRIAL BRIEF**

COME NOW Plaintiffs, by and through counsel, and hereby submit the following Trial Brief:

**I.　　SUMMARY OF THE CASE**

This is a First Amendment retaliation case. Each of the Plaintiffs was discharged from their employment on the same date, September 9, 2015. Plaintiff Eric Ohlms was employed as the City Administrator, Plaintiff William Karras was employed as the Chief of Police, and Joshua Fox was employed as the Assistant Chief of Police.

The Plaintiffs engaged in protected speech in that the topics of their speech related to (1) reporting Sunshine Law violations by the Board of Aldermen and Mayor to the Missouri Attorney General's Office, and the Missouri Municipal League; (2) speaking publically regarding unconstitutional ordinances; (3) assisting citizens in the removal of Alderman Michael Baird because he was disqualified from office because of a felony conviction; and (4) advocating for the impeachment of Mayor Keith Vertrees because of incompetence. Each of these categories of speech is protected under the First Amendment of the United States Constitution as

they are "matters of public concern."  Moreover, none of these categories of speech are part of their official duties in their employment.

This is a direct evidence case.  The former Chairman of the Board of Aldermen, Ms. Tory Cameron, wrote a letter to the Missouri Division of Employment Security on behalf of Plaintiff Eric Ohlms who was seeking unemployment compensation.  In that letter, Ms. Cameron informed the Division that Eric Ohlms' discharge of employment from the City of Foley was in retaliation for reporting the Board of Aldermen and Mayor Keith Vertrees to the Missouri Attorney General's Office and the Missouri Municipal League.  Plaintiffs William Karras and Joshua Fox had engaged in the same activity, in addition to the others cited above.

Defendant City of Foley is asserting alternative grounds for each of the Plaintiffs' discharge, namely, insubordination.  Problematic is that the letter from Tory Cameron refutes those grounds.

## II. ELEMENTS OF THE CLAIM AND PROTECTED SPEECH IN THE PUBLIC EMPLOYER CONTEXT

"To establish a prima facie case of retaliatory termination, a plaintiff must both allege and prove:  (1) his speech was protected by the First Amendment; (2) the governmental employer discharged him from employment; and (3) the protected speech was a 'substantial or motivating factor in the defendant's decision to take the adverse employment action.'" *Rynders v. Williams*, 650 F.3d 1188, 1194 (8th Cir. 2011) (citing *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654-55 (8th Cir. 2007)).

In the context of public employment, the United States Supreme Court has squarely addressed the issue of whether speech on topics gained during employment, but not necessarily a function of that employment, is protected.  In *Lane v. Franks*, 134 S. Ct. 2369, 2380, 189 L. Ed. 2d 312 (2014), the Court held:

2

> "It would be antithetical to our jurisprudence to conclude that the very kind of speech necessary to prosecute corruption by public officials – speech by public employees regarding information learned through their employment – may never form the basis for a First Amendment retaliation claim.  Such a rule would place public employees who witness corruption in an impossible position, torn between the obligation to testify truthfully and the desire to avoid retaliation and keep their jobs."

In this case, the Plaintiffs did engage in speech on topics garnered from their employment, but which was not a normal function of their job duties.  This Court has analyzed those topics as protected speech and a Memorandum and Order issued on Defendant's Motion for Summary Judgment.  (Document 29).  Each of the topics listed in the summary above, are not the normal course of job duties as police officers and the city administrator.  As such, the speech is protected from retaliation.

### III.   DAMAGES

Damages in First Amendment cases, specifically employment, are lost wages and benefits of employment, injury to reputation, personal humiliation, and deprivation of their federally protected civil rights.  *Memphis Community Sch. Dist. V. Stachura*, 477 U.S. 299, 311 n. 14, 307 (1986).  In this case, the plaintiffs are seeking each of these categories of damages.  Each of the Plaintiffs eventually obtained other employment, and Plaintiffs will introduce testimony calculating their lost wage claims.  Each has also suffered the stigma of their discharge as it affects their careers, as well as damages for personal humiliation and mental anguish.  On the very date they were discharged, they were on local news television, and thereafter, consistently in the local print media for everyone to read about.  It could not have been more humiliating.

3

        Respectfully submitted,

        THE BAGSBY LAW FIRM


        /s/    Larry A. Bagsby
        Larry A. Bagsby, #37296
        125 North Main Street, Suite 204
        St. Charles, MO  63301
        (636) 244-5595 telephone
        (636) 244-5596 facsimile
        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was served this 20th day of June, 2017, by email, to:

Joel D. Brett
BARKLAGE & BRETT, PC
211 North Third Street
St. Charles, MO  63301
(636) 949-2120 telephone
(636) 949-8786 facsimile
jbrett@barklage-brett.com
*Counsel for Defendant*          /s/    Larry A. Bagsby